UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VERNON JOSEPH FARMER, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-409-GSL-AZ |
| JASON SMILEY, UNKNOWN OFFICERS, and JAMES BASINGER, | |
| Defendants. | |

OPINION AND ORDER

Vernon Joseph Farmer, Jr., a prisoner without a lawyer, filed a complaint but did not pay the filing fee or seek leave to proceed in forma pauperis. ECF 1. He states that he did not include a copy of his trust fund account because of the emergency nature of the events in the complaint. However, the purported emergency does not excuse him from paying the filing fee or seeking in forma pauperis status. If he wants to continue this lawsuit, he must resolve his filing fee status either by paying the filing fee or filing an in forma pauperis motion with a copy of his inmate trust fund ledger detailing his transactions for the past six months.

In addition, Farmer must file an amended complaint. In his complaint, he alleges that starting on April 13, 2025, prison staff at Westville Correctional Center used an "Active Denial System Microwave Emitter" to cause severe burns to his penis and mouth. ECF 1 at 2. He could not eat for more than 60 hours, from after dinner on April 19, 2025, through the morning of April 22, 2025. On April 18, 2025, he requested

emergency medical care from nursing staff but was not seen until three days later, on April 21, 2025. Once he was seen by medical staff, most of the burns stopped. But as of May 1, 2025, they have continued to burn his penis.

The complaint cannot proceed as written because the allegations in it are not plausible. Although complaints written by self-represented plaintiffs must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is implausible that Westville Correctional Facility is in possession of and using Active Denial Technology on the inmates. *See Active Denial Technology*, JOINT INTERMEDIATE FORCE CAPABILITIES OFFICE, May 11, 2020, https://jifco.defense.gov/Press-Room/Fact-Sheets/Article-View-Fact-sheets/Article/577989/active-denial-technology/ (last visited June 17, 2025) (describing efforts to develop technology to deter suspicious individuals that uses a beam of radio frequency millimeter waves to produce an intolerable heating sensation, compelling the targeted individual to instinctively move with minimal risk of injury); Jonathan Kozlowski, *Less-Lethal Technology: Beaming Pain & Confusion*, LAW ENFORCEMENT TECHNOLOGY, Aug. 2009, https://www.ojp.gov/ncjrs/virtual-library/abstracts/less-lethal-technology-beaming-pain-confusion (last visited June 18, 2025) (noting that the commercial Active Denial System, the Silent Guardian, weighs more than 5 tons). Farmer's allegations regarding the use of Active Denial Technology are delusional. The court does not need to accept as true allegations that are clearly baseless:

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation marks and citations omitted). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Although the use of Active Denial Technology on Farmer is unbelievable, it is possible that he is experiencing physical symptoms that need medical attention. The court will allow him to file an amended complaint that describes just the physical symptoms he is experiencing (without speculating as to what is causing those symptoms) and that describes what medical care he is receiving for it. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*,

414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

If Farmer believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). It would be futile to persist making allegations concerning use of Active Denial Systems. *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile). But he will be permitted to file an amended complaint that focuses on the medical care he is receiving. To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Vernon Joseph Farmer, Jr. until **July 22, 2025**, to resolve his filing fee status and to file an amended complaint; and

(2) CAUTIONS Vernon Joseph Farmer, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 18, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

5